UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Jessica S.,[1]                          §
                                        §
     *Plaintiff*,                 §
                                        §
v.                                      §        CIVIL NO. 4:25-CV-955
                                        §
Frank Bisignano,                        §
Commissioner of Social Security,        §
                                        §
     *Defendant*.                §

**JUDGE PALERMO'S**
**REPORT & RECOMMENDATION**

    Plaintiff Jessica S. seeks to recover attorney fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 15.[2] Because the Court granted the Commissioner's unopposed motion and remanded the case back to the Social Security Administration under sentence four of 42 U.S.C. § 405(g), ECF No. 14, Plaintiff is the prevailing party. The Court finds that Plaintiff counsel's request for fees is reasonable, and Defendant does not oppose the motion. Therefore,

---

[1] The Court uses only Plaintiff's first name and last initial. *See* "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions," Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018).

[2] The district judge to whom this case is assigned referred the motion under 28 U.S.C. § 636. ECF No. 16.

1

Plaintiff's motion should be granted.

## I.     STANDARD FOR FEES AND COSTS UNDER THE EAJA

The EAJA permits a prevailing party to recover attorney fees in proceedings for judicial review of an agency's action. 28 U.S.C. § 2412(d)(1)(A). "The purpose is to 'ensure adequate representation of those who need it and to minimize the costs of this representation to taxpayers.'" *Alicia B. v. Bisignano*, No. 4:25-CV-5058, 2026 WL 916961, at *1 (S.D. Tex. Jan. 27, 2026) (quoting *Day v. Comm'r Soc. Sec. Admin.*, No. 6:16-CV-00210, 2017 WL 4417682, at *1 (E.D. Tex. Oct. 31, 2017)).

"In a civil action brought against the United States, the claimant is entitled to attorney's fees under the EAJA when the following elements are met: (1) the claimant is the prevailing party, (2) the claimant timely files a fee application, (3) the Court finds the position of the Government was not substantially justified, and (4) no special circumstances make the award unjust." *Id.* (citing *Reese v. Saul*, No. 4:19-CV-27872, 2021 WL 2188686, at *1 (S.D. Tex. Apr. 1, 2021)).

The Court granted the Commissioner's unopposed motion to remand and remanded the case back to the Social Security Administration under sentence four of 42 U.S.C. § 405(g).[3] ECF No. 14. "The claimant is a prevailing party when the

---

[3] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g).

district court remands a social security action under sentence four of 42 U.S.C. § 405(g)." *Id.* (first citing *Shalala v. Shaefer*, 509 U.S. 292, 300–01 (1993); and then citing *Matthews v. Berryhill*, No. 4:18-CV-04795, 2020 WL 242487, at *1 (S.D. Tex. Jan. 16, 2020)). Thus, Plaintiff is the prevailing party, she timely[4] filed her motion for attorney fees, and the government's position was not substantially justified. No special circumstances make the award of fees unjust.

## II.    FEE AND COST ANALYSIS
### A. A Total Fee of $8,012.66 Should Be Awarded.

Plaintiff's counsel requests a fee award of $7,890.46. ECF No. 15 at 6. She submitted evidence supporting (1) an hourly rate of $257.09 for 30.9 attorney hours worked in 2025 and (2) an hourly rate of $100 for 4.95 paralegal hours worked in 2025. ECF No. 15-3 at 2; 15-5. The Commissioner did not file a response, which the Court takes as a representation of no opposition. Civil L.R. 7.4. Nonetheless, the Court must determine whether the fee is reasonable by examining the hours worked and rate sought. *Alicia B.*, 2026 WL 916961, at *2. "Typically, in Social Security

---

[4] After the district court renders judgment, a party has 30 days from the time that the judgment becomes final to seek an EAJA award. The district court's judgment becomes final when it can no longer be appealed. 28 U.S.C. § 2412(d)(2)(G). In suits in which a federal officer is a party, the time for appeal does not end until 60 days after the entry of a Rule 58 judgment. *Freeman v. Shalala*, 2 F.3d 552, 554 (5th Cir. 1993). Thus, a party has 30 days after this 60-day period to seek an EAJA award of fees. In this case, the Court issued a judgment on August 21, 2025, ECF No. 14, which became final on October 20, 2025. Plaintiff had thirty days from October 20, 2025, to file her motion for attorney's fees. Plaintiff filed her motion on November 19, 2025, within the thirty-day window. ECF No. 15.

cases, fee applications range from twenty to forty hours." *Id.*[5] Plaintiff's counsel claims 30.9 attorney hours and 4.95 paralegal hours, which is within the typical range of hours for this type of case.

Counsel's hourly rate is higher than the statutory rate of $125,[6] requiring a finding that the increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). "The court has wide discretion in calculating any increase in the hourly rate." *Alicia B.*, 2026 WL 916961, at *2. "Courts routinely use cost-of-living adjustment based on the Consumer Price Index ("CPI") report compiled by the United States Bureau of Labor Statistics." *Id.* (first citing *Day v. Comm'r, Soc. Sec. Admin.*, No. 6:16-CV-00210-RC, 2017 WL 4922048, at *2 (E.D. Tex. Oct. 31, 2017); and then citing *Chargois v. Barnhart*, 454 F. Supp. 2d 631, 634 (E.D. Tex. 2006)). "Based on the region where services were performed, the court will use the average annual CPI for the year the last time the rate changed as a base rate, and then compare it to the average annual CPI for when the attorney provided the legal services." *Id.* "If the CPI increased from the time the hourly rate changed

---

[5] Courts award attorney's fees under the EAJA only for hours incurred in the civil action, not the administrative proceeding. The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action, brought by or against the United States in any court having jurisdiction of that action." 28 U.S.C. § 2412(d)(1)(A).

[6] The EAJA dictates that attorney's fees not to be awarded exceeding $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. See 28 U.S.C. § 2412(d)(2)(A)(ii).

to the time the services were performed, 'the court calculates the percentage difference and approves an excess hourly fee corresponding to the calculated percentage increase.'" *Id.* (quoting *Chargois*, 454 F. Supp. 2d at 634).

Here, Plaintiff's counsel claims fees for work performed in 2025. The hourly rate last changed in 1996; at that time, the CPI for Houston-The Woodlands-Sugar Land, TX area was 142.7. The Court calculates the hourly rate for 2025 as follows[7]:

- For 2025, the CPI for Houston-The Woodlands-Sugar Land, Texas area is 277.742. The percentage difference between 1996 and 2025 is 194.63% ($\frac{277.742}{142.7}$). Therefore, the hourly rate for 2025 is $243.29/hour (194.63% x $125/hour).

Using this calculated hourly rate, the Court determines the appropriate fee for Plaintiff's counsel based on the hours worked. In 2025, Plaintiff's attorney worked 30.9 hours; and at $243.29 per hour, the fee is $7,517.66.

Although Plaintiff's counsel claims a slightly higher rate of $257.09 per hour,[8] the Court uses the calculated CPI-adjusted rate "[t]o promote uniformity in the

---

[7] The Court obtained CPI numbers used to calculate Plaintiff's attorney's fees from this chart. *See* Consumer Price Index, All Urban Consumers (CPI-U), Houston-The Woodlands-Sugar Land,                                                                                 Tx, https://data.bls.gov/timeseries/CUURS37BSA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited May 11, 2026).

[8] Plaintiff's counsel may have arrived at this rate by applying the average CPI across all U.S. cities, rather than the CPI for the Houston-Woodlands-Sugar Land, Texas area. ECF No. 15-2.

division." *Alicia B.*, 2026 WL 916961, at *3. The Court finds that an attorney fee of $7,517.66 is reasonable for 30.9 hours worked.

"The EAJA also allows for recovery of paralegal fees at prevailing market rates." *Justin Jayde H. v. Bisignano*, No. 4:24-CV-4499, 2025 WL 2531503, at *3 (S.D. Tex. Sept. 3, 2025). Plaintiff seeks to recover 4.95 hours of paralegal work at a rate of $100 per hour, for a total of $495. ECF No. 15. This Court and other courts in this circuit have "approve[d] similar amounts of paralegal work" at the same rate. *Id.* (approving 6.2 hours at $100 per hour); *Matthews*, 2020 WL 242487, at *3 (approving 8 hours at $100 per hour); *McCullough v. Saul*, No. 18-CV-128, 2019 WL 2774336, at *2 (W.D. Tex. July 2, 2019) (approving 7.5 hours at $100 per hour). Accordingly, the Court finds a paralegal fee of $495 is reasonable for 4.95 hours worked.

Thus, the Court recommends a total fee of $8,012.66 be awarded.

### B. Costs of $405 Should Be Awarded.

Plaintiff also seeks $405 in reimbursable costs for the filing fee. *Id.* "As the prevailing party, the EAJA authorizes [Plaintiff] to recover [her] costs incurred pursuing this action," which "includes court filing fees." *Miller v. Kijakazi*, No. 4:22-CV-03905, 2024 WL 3744386, at *2 (S.D. Tex. Aug. 8, 2024) (citing 28 U.S.C. § 2412(a)(1)). Thus, Plaintiff is entitled to recover the requested $405

filing fee.

### C. Payment Should Be Made Directly to Plaintiff.

Additionally, Plaintiff asks that payment be made directly to her counsel "[i]f the United States Department of Treasury determines that she does not owe a federal debt." ECF No. 15 at 6. "An EAJA fee award is payable to the litigant, rather than [her] counsel." *Cesar F. v. Comm'r of Soc. Sec.*, No. 4:23-CV-04150, 2025 WL 2043716, at *2 (S.D. Tex. June 30, 2025) (citing *Astrue v. Ratliff*, 560 U.S. 586, 597-98 (2010)), *adopted*, No. 4:23-CV-04150, 2025 WL 2029930 (S.D. Tex. July 18, 2025). "Those 'fees are also subject to an offset to satisfy any pre-existing debt that the litigant owes to the federal government.'" *Id.* (quoting *Jackson v. Astrue*, 705 F.3d 527, 531 n.11 (5th Cir. 2013)). "Following *Astrue* and *Jackson*, courts within this Circuit have declined similar requests to have EAJA awards made payable to a litigant's counsel—even when the litigant has assigned the award to an attorney." *Id.*; *see also Thomas H. v. Kijakazi*, No. 4: 21-CV-4253, 2023 WL 5191950, at *4 n.9 (S.D. Tex. Aug. 10, 2023) (denying direct payment to counsel despite plaintiff's signed waiver); *Cardona v. Comm'r of Soc. Sec.*, No. EP21CV00142DCGRFC, 2023 WL 2577200, at *2 (W.D. Tex. Mar. 17, 2023) (collecting authorities), *adopted*, 2023 WL 2903980 (W.D. Tex. Apr. 11, 2023). Thus, "the EAJA fees must be paid to Plaintiff." *Cesar F.*, 2025 WL 2043716, at *2. "It will thereafter fall on

Plaintiff to satisfy whatever obligations that [she] may have with respect to paying [her] counsel for litigating this action." *Id.* (quoting *Arizmendez v. Colvin*, No. 3:13-CV-1065-O, 2014 WL 2154052, at *1 (N.D. Tex. May 22, 2014)).

## III.    CONCLUSION

Accordingly, the Court **RECOMMENDS** Plaintiff's motion for attorney fees and costs, ECF No. 15, be **GRANTED** and Defendant be **ORDERED** to pay directly to Plaintiff $8,012.66 in fees and $405 in costs under the EAJA.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

**IT IS SO ORDERED.**

Signed on May 12, 2026, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**

8